**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>378 N. Main Avenue<br>Tucson, AZ 85701<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY,<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460<br><br>        Defendant. | Civil Action No.: 19-cv-688<br><br>**COMPLAINT FOR DECLARATORY**<br>**AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.      In this action brought under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), the Center for Biological Diversity ("Center")—an environmental conservation organization that works to prevent the extinction of wild species and protect their habitats—challenges the U.S. Environmental Protection Agency's ("EPA") violations of FOIA resulting from the agency's failure to conduct adequate searches, to make timely determinations, and to provide records in response to three of the Center's FOIA requests seeking information about how EPA is developing and maintaining the "queue" of requests for records under FOIA, along with any agency policies or directives guiding EPA's FOIA procedures.

2.      While EPA's FOIA practices have long been problematic, in 2017 EPA began to delay and deny many of the Center's FOIA and fee waiver requests and implemented practices and policies that have affected, and in some situations precluded, the ability of the Center (and presumably other FOIA requesters) to obtain records promptly under FOIA. This apparent shift away from government transparency prompted the Center to submit a FOIA request to EPA in

November 2017, seeking any directives that address how EPA processes and responds to FOIA requests and appeals.

3. In response, EPA directed the Center to an online repository for the agency's FOIA procedures.

4. Finding this determination to be unsatisfactory and believing there to be responsive records that were not searched for and disclosed, the Center timely appealed on May 14, 2018, challenging the agency's failure to conduct an adequate search. The agency never responded.

5. On June 1 and June 4, 2018, EPA Headquarters sent the Center's open-government coordinators "update" emails regarding about 32 of the Center's pending FOIA requests, which are not at issue in this complaint. EPA said that it had assigned each request a FOIA "queue number" that ranged between 301st and 1147th and advised the Center not to expect any records or a final determination for months, and sometimes more than a year.

6. On June 13, 2018, the Center submitted a FOIA request, this time seeking one record—EPA's FOIA queue—and requested expedited processing.

7. The Center submitted a second request for EPA's FOIA request and appeal directives on February 5, 2019.

8. As of the filing of this complaint, EPA has failed to produce any records responsive to the Center's three FOIA requests.

9. Prompt access to these records is necessary to effectuate FOIA's purpose of transparency. Thus, the Center seeks from the Court declaratory relief establishing that EPA has violated FOIA and injunctive relief directing EPA to conduct an adequate search that uses the

date of the search as the cut-off date and to release any improperly withheld records, including all reasonably segregable portions of any lawfully exempt records, without any further delay.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

11. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

12. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

13. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States. The Center has more than 69,500 members. The Center and its members are harmed by EPA's violations of FOIA, as such violations preclude the Center from gaining a full understanding of the agency's directives, policies, and practices that govern its FOIA responses, and how many FOIA requests are in EPA's FOIA queue. EPA's failure to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest. Absent this information, the Center cannot advance its mission to protect native species and their habitat.

14. Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY is an independent agency of the U.S. government. EPA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). EPA is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

**STATUTORY BACKGROUND**

15. FOIA's basic purpose is for government transparency. FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9).

16. FOIA allows a requester to request expedited processing if the requester demonstrates a "compelling need" or in "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i).

17. An agency must make its determination of whether to grant a request for expedited processing and notify the requester of its decision within 10 days of the request. 5 U.S.C. § 552(a)(6)(E)(ii). EPA's FOIA regulations further specify that the head of EPA Headquarters FOIA staff or a regional FOIA officer will notify the requester of whether it will grant expedited processing within 10 calendar days of the request. 40 C.F.R. § 2.104.

18. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i).

19. Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame

for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

20. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be a reasonable.

21. FOIA requires federal agencies to promptly disclose requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

22. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

23. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

24. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

25. FOIA also imposes strict deadlines on federal agencies to decide on whether to grant or deny any appeals of their FOIA determinations. Specifically, agencies must decide appeals within 20 working days of receiving them. *Id.* § 552(a)(6)(A)(ii). An agency may extend the 20-working-day deadline for deciding an appeal by 10 additional days, but only if it

provides written notice to the requester that sets forth "unusual circumstances" that justify the extension and a date by which the agency expects to make the determination. *Id.* § 552(a)(6)(B).

26. If an agency fails to make a determination on a FOIA request within the statutory timeframe, the agency may not collect certain fees from a requester. *Id.* § 552(a)(4)(A)(viii).

27. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

## FACTUAL BACKGROUND

**A.     EPA-HQ-2018-001770 (FOIA Request and Appeal Directives)**

28. On November 16, 2017, the Center submitted a FOIA request through EPA's online FOIA portal, FOIAOnline. In that request, the Center sought "records from January 20, 2017 to the date that the agency commences its search for records responsive to this request that include, mention, and/or reference directives and/or policies that concern EPA responding to and/or processing requests and appeals pursuant to FOIA."

29. The same day, EPA acknowledged the Center's request and assigned it tracking number EPA-HQ-2018-001770 ("FOIA Directives").

30. On February 16, 2018, EPA sent the Center its final determination by letter. In that letter, EPA stated that its FOIA procedures were available online and provided various website links. EPA did not provide the Center with any records.

31. On February 21, 2018, EPA sent the Center electronic mail indicating that it considered the Center's request (EPA-HQ2018-001770) to be "Full[y] granted."

32. EPA did not indicate that it conducted a search at all, let alone one reasonably likely to return all responsive records, as FOIA mandates.

33. The Center timely appealed EPA's response on May 14, 2018, challenging the adequacy of the agency's search for responsive records. The Center reiterated that it had also requested records that "*include, mention, and/or reference*" EPA's FOIA directives or policies. Hence, there necessarily must be additional responsive records that an adequate search—or for that matter, any search—would locate, such as communications, memorandums, decision documents, and other records that "include, mention, and/or reference" the FOIA directives and policies.

34. On May 16, 2018 EPA acknowledged the Center's appeal.

35. On February 4, 2019, after receiving no further communications from EPA, the Center sent a letter to EPA notifying the agency that it had violated FOIA by failing to respond to the Center's appeal within FOIA's statutory deadlines and offering to assist EPA in any way.

36. As of the date of this complaint, which is 186 workdays after the 20-workday appeal determination deadline of June 12, 2018, EPA has not responded to the Center's appeal or notice of violation letter.

37. EPA's failure to conduct an adequate search for responsive records and failure provide all responsive records to the Center undermine FOIA's primary purpose of transparency and openness in government.

38. The Center has been required to expend resources to prosecute this action.

**B.   EPA-2018-008661 (EPA FOIA Queue List)**

39. On June 1 and June 4, 2018, EPA Headquarters sent "update" emails to the Center that assigned individual FOIA queue numbers and provided estimated completion dates for 32 of the Center's outstanding FOIA requests that are not at issue in this complaint. EPA assigned the

Center's FOIA requests queue numbers in the hundreds and informed the Center that each request was unlikely to be complete for at least a year or more.

40. On June 13, 2018, the Center submitted a FOIA request to EPA through FOIAOnline requesting "the complete list of FOIA requests currently in EPA's queue, as referenced in EPA's recent status update emails." The Center requested expedited processing.

41. The same day, EPA acknowledged the Center's request and assigned it tracking number EPA-HQ-2018-008661 ("EPA FOIA Queue List").

42. On June 25, 2018, over 10 calendar days later, the Center emailed asking that EPA acknowledge the Center's request for expedited processing. One of EPA's FOIA officers responded that EPA's FOIA headquarters would be deciding whether to grant expedited processing to the Center's FOIA request.

43. On June 27, 2018, the Center sent a letter notifying EPA that it had failed to make a required determination on the Center's expedited processing request within FOIA's statutory 10-day deadline. Although EPA responded that day saying that it would look into the matter, EPA did not make a decision on the Center's request for expedited processing.

44. On June 29, 2018, EPA sent automated electronic mail informing the Center that the FOIA tracking number was changed to EPA-2018-008661.

45. On July 3, 2018, the Center emailed asking EPA for a status update and to advise the Center about how it keeps track of its FOIA queue—i.e., whether by list, formula, or other means.

46. As of the filing of this complaint, which is 165 workdays after the 20-workday determination deadline of July 12, 2018, the Center has received no records and no additional communications from EPA on the Center's EPA FOIA Queue List request.

47. In connection with the Center's EPA FOIA Queue List request, EPA has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. *Id.* § 552(a)(6)(A)-(B).

48. None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the Center's EPA FOIA Queue List request. *Id.* § 552(b).

49. EPA failed to provide the Center with reasonably segregable portions of the requested records after deletion of any portions which may be lawfully withheld from disclosure under any FOIA exemption(s). *Id.*

50. The Center has been required to expend resources to prosecute this action.

C. **EPA-HQ-2019-003265 (Second Request for FOIA Directives);**

51. On February 5, 2019, the Center submitted a FOIA request to EPA through FOIAOnline, requesting "[f]rom November 16, 2017 to the date that EPA conducts its search, the records mentioning or including EPA's directives and/or policies for responding to and/or processing requests and appeals pursuant to FOIA."

52. The same day, EPA acknowledged the Center's request and assigned it tracking number EPA-HQ-2019-003265 ("Second Request for FOIA Directives").

53. As of the filing of this complaint, which is four workdays after the 20-workday determination deadline of March 6, 2019, the Center has received no records and no additional communications from EPA on the Center's Second Request for FOIA Directives.

54. In connection with the Center's Second Request for FOIA Directives, EPA has not requested additional information from the Center or notified the Center of any "unusual

circumstances" that prevent it from complying with FOIA's deadline for a determination. *Id.* § 552(a)(6)(A)-(B).

55. None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the Center's Second Request for FOIA Directives. *Id.* § 552(b).

56. EPA failed to provide the Center with reasonably segregable portions of the requested records after deletion of any portions which may be lawfully withheld from disclosure under any FOIA exemption(s). *Id.*

57. The Center has been required to expend resources to prosecute this action.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

*EPA Failed to Make a Lawful Determination Within FOIA's Mandatory Determination Deadlines for the Center's FOIA Requests and Appeal*

58. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

59. The Center has a statutory right to a lawful final determination from EPA, in a manner that complies with FOIA, on the Center's FOIA requests and appeal.

60. EPA has violated the Center's rights in this regard by unlawfully delaying its responses to the Center's FOIA requests and appeal beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

61. The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's decision deadlines as it has in this case.

62. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

EPA Failed to Promptly Disclose and Continues to Improperly Withhold Records Responsive to the Center's FOIA Requests

63. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

64. EPA violated FOIA and EPA's implementing regulations for FOIA by failing to promptly disclose records that are responsive to the Center's FOIA requests.

65. None of FOIA's statutory exemptions apply to the records that the Center seeks.

66. The Center has a statutory right to the records it seeks.

67. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

68. The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's disclosure provisions as it has in this case.

69. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, EPA will continue to violate Plaintiff's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

EPA Failed to Conduct Adequate Searches for Records Responsive to the Center's FOIA Requests

70. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

71. The Center has a statutory right to have EPA process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

72. EPA violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA requests.

73. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

74. The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

75. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

EPA Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

76. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

77. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

78. EPA violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA requests.

79. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

80. The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions as it has in this case.

81. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

EPA's Impermissible Practice, Pattern and Practice, and/or Policy of Violating FOIA

82. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

83. EPA has adopted and is engaged in a pattern, practice, and/or policy of violating FOIA's procedural requirements when processing FOIA requests by intentionally refusing to issue a lawful determination, produce responsive records, and/or respond in any meaningful manner, unless and until the Center files a lawsuit.

84. EPA's repeated unreasonable delays and intentional refusals to issue a lawful determination and/or produce non-exempt records violates the intent and purpose of FOIA.

85. EPA's repeated and intentional actions have resulted, and will continue to result, in the untimely access to information to which the Center is entitled, and the production of stale information that is of little value and, yet, more costly than fresh information ought to be. *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988).

86. EPA's repeated failures to abide by FOIA's terms are not attributable to an unpredictable influx in FOIA requests or other reasonable delay.

87. Despite EPA receiving prior admonishment by this court as to the woeful deficiencies in its FOIA search, processing, and response practices, *Landmark Legal Found. v. EPA*, 82 F. Supp. 3d 211, 228 (D.D.C. 2015), EPA has refused to comply with the court's recommendations to ensure proper oversight of the FOIA process.

88. EPA's impermissible pattern, practice, and/or policy of refusing to conduct a reasonable search, and failure to issue a determination and/or produce responsive records unless and until the Center files suit, warrants declaratory and injunctive relief under *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988); *see also Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 229-31 (D.D.C. 2011).

89. EPA's pattern or practice of unlawful conduct in violation of FOIA's clear procedural requirements is likely to recur absent intervention by this Court.

90. EPA's policy or practice has impaired and will continue to impair the Center's lawful access to information in the future.

91. Defendant's policy or practice exists, whether formal or informal in nature.

92. FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel EPA to comply with FOIA's clear requirements and end its unlawful pattern, practice, and/or policy.

## **SEVENTH CLAIM FOR RELIEF**
## **VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Sixth Claims)**

EPA Unlawfully Withheld or Unreasonably Delayed Actions That FOIA Requires

93. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

94. EPA unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) make a timely and lawful determination on the Center's FOIA requests and appeal; (2) promptly disclose records that are responsive to the Center's FOIA request, which are not within the scope of FOIA's exemptions to mandatory disclosure; (3) conduct a search that is reasonably calculated to locate all responsive records to

the Center's FOIA requests; and (4) provide the Center with all reasonably segregable portions of responsive records to the Center's FOIA requests in the event that records may be subject to an exemption. EPA's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

95. Alternatively, EPA unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) make a timely and lawful determination on the Center's FOIA requests and appeal; (2) promptly disclose records that are responsive to the Center's FOIA request, which are not within the scope of FOIA's exemptions to mandatory disclosure; (3) conduct a search that is reasonably calculated to locate all responsive records to the Center's FOIA requests; and (4) provide the Center with all reasonably segregable portions of responsive records to the Center's FOIA requests in the event that records may be subject to an exemption.

96. EPA's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

97. As alleged above, EPA's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

98. The Center has suffered a legal wrong as a result of EPA's failure to comply with the mandates of FOIA. As alleged above, EPA violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

99. The Center has no other adequate remedy at law to redress the violations noted above.

100. Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Sixth Claims)**

EPA's Violations of FOIA Are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law

101.  Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

102.  EPA violated FOIA's statutory mandates due to its failure and refusal to: (1) make a timely and lawful determination on the Center's FOIA requests and appeal; (2) promptly disclose records that are responsive to the Center's FOIA request, which are not within the scope of FOIA's exemptions to mandatory disclosure; (3) conduct a search that is reasonably calculated to locate all responsive records to the Center's FOIA requests; and (4) provide the Center with all reasonably segregable portions of responsive records to the Center's FOIA requests in the event that records may be subject to an exemption.  By repeatedly violating FOIA's statutory mandates, EPA's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

103.  EPA's improper withholding of records from the Center raises questions about whether the agency acted arbitrarily or capriciously with respect to the withholding.

104.  As alleged above, EPA's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

105.  The Center has suffered a legal wrong as a result of EPA's failure to comply with the mandates of FOIA.  As alleged above, EPA violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

106. The Center has no other adequate remedy at law to redress the violations noted above.

107. The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendant to conduct a search that is reasonably calculated to locate all records responsive to each of Plaintiff's FOIA requests, with the cut-off date for such search being the date the search is conducted, and to provide Plaintiff with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2. Declare that Defendant's failure to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA requests, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

3. Declare that Defendant's failure to disclose the requested records to Plaintiff is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

4. Declare that Defendant's failure to timely make a determination on Plaintiff's FOIA requests and appeal is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

5.      Declare that Defendant's failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

6.      Declare that Defendant has implemented an impermissible pattern, practice, and/or policy of insisting on untimely and noncompliant responses to FOIA requests, pursuant to this Court's equitable powers as recognized in *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988), and enjoin Defendant from continuing to implement those patterns, practices, and/or policies.

7.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

8.      Grant such other and further relief as the Court may deem just and proper.

DATED: March 12, 2019                         Respectfully submitted,

*/s/ Margaret E. Townsend*
Margaret E. Townsend (DC Bar No. OR0008)
Amy R. Atwood (D.C. Bar No. 470258)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

*Attorneys for Plaintiff*